UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM BROWN, | ) | Civil No.09-2058 W (PCL) |
| Petitioner, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| MATTHEW CATE, Secretary, et al., | ) ) | **GRANTING RESPONDENTS' MOTION TO DISMISS THE PETITION FOR** |
| Respondents. | ) ) | **WRIT OF HABEAS CORPUS** |
| | ) ) | [Doc. 5] |
| _____ | ) ) ) | |

On September 18, 2009, William Odessa Brown II ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In response, Respondents filed a Motion to Dismiss, arguing that Petitioner failed to state any federal claim and failed to exhaust his state court remedies with respect to the double jeopardy claim. (Doc. 5, at 2.) After reviewing all the pertinent arguments and documentation, the Court recommends that Respondents' motion be GRANTED.

///

**BACKGROUND**

On August 6, 1997, Petitioner was convicted in Superior Court in Santa Cruz of voluntary manslaughter (Cal. Pen. Code § 192(a)) and assault with a deadly weapon (Cal. Pen. Code § 245(a)(1)). (Lodgment 2, at 2.)  On April 20, 1998, Petitioner was sentenced to 13 years in prison.  (Id.)  Petitioner was incarcerated at the Calipatria State Prison.  (Lodgment 2, at 16.)  On January 29, 2010, Petitioner was released on parole.  (Doc. 9.)

Petitioner is not challenging his conviction but argues that he was given an invalid disciplinary Rules Violation Report, Log Number VI-07-07-035, and should have been restored 61 days of forfeited credits after remaining discipline-free for six months.  (Doc. 5, at 2.)

*Appeal to the Superior Court of California*

On December 23, 2008, Petitioner petitioned for a writ of habeas corpus with the Superior Court of California, County of Imperial.  (Lodgment 3, at 1.)  Petitioner alleged due process violations resulting from the prison's unjust failure to restore lost credits forfeited due to an administrative finding of guilt for a rule violation.  (Id.)  On March 9, 2009, the Superior Court of California denied Petitioner's petition for writ of habeas corpus.  (Id. at 2.)

*Appeal to the California Court of Appeal*

On April 9, 2009, Petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal, Fourth Appellate District.  (Lodgment 4.)  Petitioner contended that the prison officials' failure to award Petitioner restoration of credits upon establishment of a disciplinary-free period "amounts to cruel and unusual punishment, [and] denial of due process and equal protection of the laws."  (Id. at 4.)  On June 17, 2009, the California Court of Appeal denied Petitioner's petition for writ of habeas corpus.  (Lodgment 5.)

///

///

*Appeal to the California Supreme Court*

On July 13, 2009, Petitioner filed a Petition for Writ of Habeas Corpus with the California Supreme Court. (Lodgment 6.) On August 12, 2009, the California Supreme Court denied Petitioner's petition. (Id.)

*Instant Petition*

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, at 1.) Petitioner argues that "he is entitled to restoration of credits after remaining disciplinary free for a period of six months." (Id. at 6.) Petitioner is not contesting his conviction or sentence. (Id. at 1-2.) Petitioner claims that the use of an invalid disciplinary report to deny him good time credits violates the double jeopardy clause and amounts to cruel and unusual punishment. (Id. at 6.)

On November 13, 2009, Respondent filed a Notice of Motion to Dismiss the Petition for Writ of Habeas Corpus with a Memorandum of Points and Authorities and a Notice of Lodgment. (Doc. 5.) Respondent argued that the Petition should be dismissed for failure to state a claim and for failure to exhaust his state remedies. (Id. at 2.) Petitioner's Opposition to Respondent's Motion to Dismiss, dated December 14, 2009, noted that his double jeopardy claim is currently under review before the California Supreme Court. (Doc. 8, at 6.) Furthermore, Petitioner requested that the U.S. District Court grant him leave to amend his petition in order to cure any defects. (Id. at 7, 9-10.)

**STANDARD OF REVIEW**

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). Only errors of federal law can support federal intervention in state court proceedings. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation). Federal habeas courts are bound by the state's interpretation of

its own law. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (federal courts may not reexamine state court determinations on state-law questions); Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990) (federal courts "have no authority to review a state's application of its own laws").

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. If the petitioner cannot "point to a 'real possibility of constitutional error,'" Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (citation omitted), including stating specific facts to support the federal claim for relief, Wacht v. Cardwell, 604 F.2d 1245, 1246 (9th Cir. 1979), then dismissal is appropriate, Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

"[U]nder Rule 4, a district court may dismiss a habeas [claim] without resolving whether a petitioner has exhausted available state remedies when on the face of the petition it is obvious that the [claim] lacks merit." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). Leave to amend the petition should be granted unless no tenable claim for relief can be pleaded. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**DISCUSSION**

**A. Petitioner Fails to State a Double Jeopardy Claim.**

Petitioner disputes the validity of a disciplinary report in his file and argues that the prison's failure to restore his good time credits for remaining discipline-free for six months amounts to a double jeopardy violation. (Doc. 1, at 6-7.)  Respondent argues that Petitioner failed to state sufficient facts to support his double jeopardy claim. (Doc. 5, at 4-5.) Respondent also argues that Petitioner failed to exhaust this claim in the California state courts. (Id. at 6-7.)

Under the Constitution, the Double Jeopardy Clause "protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

North Carolina v. Pearce, 395 U.S. 711, 717 (1969).  However, unfair disciplinary sanctions and loss of good time credits "do not constitute punishment within the meaning of the Double Jeopardy Clause."  Fazzini v. Hawk, 182 F.3d 925, 925 (9th Cir. 1999).  As the time spent on parole is part of the original sentence, decisions that would delay parole do not result in multiple punishments for the same offense.  See U.S. v. Brown, 59 F.3d 102, 104-105 (9th Cir. 1995) (per curiam).

Here, the facts alleged in the Petition do not comport with a tenable Double Jeopardy claim.  As losing good time credits and delaying parole do not amount to a separate punishment under the Double Jeopardy clause, Petitioner cannot make a Double Jeopardy claim with these facts.  The Court need not analyze whether Petitioner has exhausted this claim in state court as it is meritless.  It should be dismissed for failure to state a claim.

**B.     Petitioner Fails to State a Claim of Cruel and Unusual Punishment.**

Petitioner also alleges that unfairly losing good time credits and delaying parole amount to cruel and unusual punishment in violation of the Eighth Amendment.  (Doc. 1, at 6.)

With regard to habeas claims challenging the length of prison time under the Eighth Amendment's prohibition against cruel and unusual punishment, "the only relevant clearly established law . . . is the gross disproportionality principle, . . . applicable only in the 'exceedingly rare' and 'extreme' case."  Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (citation omitted).  In this context, the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime."  Harmelin v. Michigan, 501 U.S. 957, 959 (1991).

Here, Petitioner claims that the prison's unjust failure to restore Petitioner's good time credits which would permit him an earlier release date from prison amounts to cruel and unusual punishment.  However, good time credits do not affect the length of Petitioner's overall sentence but rather the time when he could be released on parole.  As Petitioner does not allege specifically that his overall sentence

was grossly disproportionate to the crime for which he was convicted, he fails to state sufficient facts for an Eighth Amendment claim. It should be dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner's petition should be dismissed for failure to state any federal claim. The dismissal should be without prejudice and with leave to amend. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (stating that leave to amend should be granted unless no tenable claim for relief can be pleaded).

This report and recommendation of the undersigned Magistrate Judge is submitted to the U.S. District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the U.S. District Court for the Southern District of California.

IT IS ORDERED that no later than May 7, 2010, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendations."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than May 14, 2010. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: April 23, 2010

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Whelan; all parties